CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

6/2/2017

JULIA C. DUDLEY, CLERK
BY: /s/ T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL JOSEPH FORMICA, Petitioner, | CASE NO. 7:16CV00342 |
| v. | **MEMORANDUM OPINION** |
| HAROLD W. CLARKE, Respondent. | By: Hon. Michael F. Urbanski United States District Judge |

Michael Joseph Formica, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Orange County Circuit Court. Respondent filed a motion to dismiss Formica's § 2254 petition, and Formica responded, making the matter ripe for disposition. After review of the record, the court concludes that Formica's petition is time-barred, requiring the motion to dismiss to be granted.

## I. Background

On April 27, 2013, after Formica entered Alford pleas,[1] the Orange County Circuit Court entered a final order convicting Formica to two felony counts of violating a protective order, third offense within twenty years, and five misdemeanor counts of violating a protective order. The court sentenced Formica to a total of fifteen years' incarceration with all but six months and ten days suspended.

Formica attempted to file a pro se appeal, but the Virginia Court of Appeals dismissed the petition as untimely on August 30, 2013. The court subsequently denied his petition for a delayed appeal.

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970).

Formica then filed a petition for a writ of habeas corpus in the Virginia Supreme Court on August 14, 2014. Formica alleged nine claims of ineffective assistance and one claim that he had been denied access to the courts and his transcripts. On July 15, 2015, the state habeas court rejected his claims pursuant to Anderson v. Warden, 281 S.E.2d 885 (Va. 1981), Strickland v. Washington, 466 U.S. 668 (1984), and Va. Code § 8.01-654. The court refused rehearing on October 15, 2015.

On July 18, 2016, Formica filed the instant petition. He asserts thirty allegations, including four claims of court error and twenty-six claims of ineffective assistance of counsel.

## II. Time-Bar Standard of Review

Under the Anti-terrorism Effective Death Penalty Act (AEDPA), a one-year period of limitation for federal habeas corpus runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petitioner can "toll" the federal habeas statute of limitation in two ways: statutory tolling and equitable tolling. Statutory tolling occurs when a petitioner files a state habeas petition within the federal habeas limitation period. The federal habeas statute of limitation

2

is then tolled for the duration of the state habeas proceeding. 28 U.S.C. § 2244(d)(2). Equitable tolling only occurs when a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544, U.S. 408, 418 (2005)).

Lastly, the Supreme Court has allowed for federal review of untimely petitions when the petitioner makes a colorable claim of actual innocence under McQuiggin v. Perkins, 133 S. Ct. 1924 (2013) and Schlup v. Delo, 513 U.S. 298 (1995). However, for an actual innocence petition

> [t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

Schlup, 513 U.S. at 324 (emphasis added).

Pleading guilty does not entirely preclude a petitioner from claiming actual innocence at habeas proceedings; however, guilty pleas "seriously undermine" the claim. See United States v. Broce, 488 U.S. 563, 570 (1989) (holding that by pleading guilty, "the accused is not simply stating that [the accused] did the discrete acts described in the indictment; [the accused] is admitting guilt of a substantive crime"). The Fourth Circuit Court of Appeals has even instructed district courts to generally dismiss petitions that contradict the plea colloquy. See States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary

3

hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").

Additionally, guilty pleas give rise to several evidentiary issues under Schlup: there is no factfinder finding, the record is normally abbreviated, the state did not "present" evidence in the typical fashion to establish guilt beyond a reasonable doubt, and the petitioner has confirmed his guilt in a plea colloquy. See Bousley v. United States, 523 U.S. 614, 631-32 (1998) (Scalia, J., dissenting) ("[H]ow is the court to determine 'actual innocence' upon our remand . . . where conviction was based upon an admission of guilt?" Justice Scalia continued: "Presumably the defendant will introduce evidence [that he did not commit the crime] . . . and the Government . . . will have to find and produce witnesses saying that he did [commit the crime]. This seems to me not to remedy a miscarriage of justice, but to produce one."); Smith v. Baldwin, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007) ("We are aware of a potential incongruity between the purpose of the actual innocence gateway announced in Schlup and its application to cases involving guilty (or no contest) pleas."); Ruiz v. Gonzalez, 2009 WL 3233558, 2009 U.S. Dist. LEXIS 96668, at *8 n.5 (C.D. Cal. Oct. 2, 2009) (holding that the habeas court "must consider petitioner's guilty plea in determining whether petitioner can meet the Schlup standard").

### III. Discussion

Formica's petition is time-barred. Formica's direct review proceedings ended on September 29, 2013 when he failed to appeal the Virginia Court of Appeals decision to the Virginia Supreme Court. Formica's state habeas proceedings ended on January 13, 2016

4

when Formica failed to appeal the Virginia Supreme Court's decision to the United States Supreme Court within ninety days.

Therefore, under § 2244(d), Formica's conviction became final on September 29, 2013. Formica's state habeas proceeding tolled the statute of limitation from August 14, 2014 to January 13, 2016. Formica filed his federal habeas petition on July 18, 2016. Accounting for statutory tolling, 505 days ran between Formica's conviction becoming final and the filing of his § 2254 petition.[2] Section 2244(d) allows for a one-year (365 day) period after a conviction becomes final; therefore, Formica's habeas petition is time-barred.

Further, Formica has not shown that he is entitled to equitable tolling: he has not offered any proof that he pursued his rights diligently or that any external circumstance prevented his timely filing. Regarding the timeliness of his petition, Formica stated the following:

> Whether the current petition is timely with information that was known to petitioner. Formica was told he had one year from State Court determination to file a Federal writ for habeas corpus. The word 'direct' was never in discussion and 28 U.S.C. §2244(d)(1)(A) was never known by the petitioner. In review of cases, the term "one year tolling period" came up therefore Formica deduced from the date of October 15, 2015, opinion of State Court, he had one year to file to file [sic] a Federal writ for habeas corpus . . . Equitable tolling must be given to those who chose not to sit around in prison not researching or chose to remain ignorant which is not the case here.

Pet'rs Am. Resp. to Mot. to Dismiss 25-26 (ECF No. 20). However, "ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Formica fails to show that any extraordinary external circumstance stood in his way and

---

[2] 318 days passed between when his conviction became final and his state habeas filing; 187 days passed between the disposition of his state habeas proceeding and the filing of his federal habeas petition.

5

prevented the timely filing of his petition. His lack of knowledge is not a sufficient basis for equitable tolling.

Lastly, Formica does not offer any acceptable evidence under McQuiggin and Schlup. His many self-serving statements do not form the basis of a fundamental miscarriage of justice: "To permit such self-serving testimony to suffice would set the bar 'so low that virtually every [actual innocence] claimant would pass through it." Kuenzel v. Allen, 800 F. Supp. 2d 1162, 1181 (N.D. Ala. 2009) (quoting Hubbard v. Pinchak, 378 F.3d 333, 340 (3rd Cir. 2004)).[3] Formica does not proffer any "new" exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. Instead, his allegations are conclusory complaints about facts mostly known to him at the time of his guilty plea, none of which are compelling or reliable. The only claims that include information unavailable at the time of his guilty plea are allegations that the appellate and habeas courts erred, or that counsel was ineffective on appeal.

Therefore, none of Formica's claims are excused from the federal time-bar, and the court cannot review the merits of his claims.

## IV.

For the reasons stated, the court **GRANTS** the motion to dismiss. Formica's petition is time-barred. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Formica and to counsel of record for Respondent. Further, finding that petitioner

---

[3] Hodnett v. Slayton, 343 F. Supp. 1142, 1145 (W.D. Va. 1972) (A "bare allegation" of a constitutional violation cannot be the basis of habeas relief.).

6

has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is **DENIED**.

ENTER: This 1st day of ~~May~~ June, 2017.

_____
United States District Judge