CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 12, 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL JOSEPH FORMICA, | ) | CASE NO. 7:16CV00342 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Hon. Michael F. Urbanski |
| Respondent. | ) | Chief United States District Judge |

On June 2, 2017, the court denied Petitioner's Writ of Habeas Corpus and declined to issue a certificate of appealability. Formica v. Clarke, No. 7:16CV00342, 2017 WL 2418319 (W.D. Va. Jun. 2, 2017). Petitioner, a Virginia inmate proceeding pro se, filed a motion to alter or amend the judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is **DENIED**.

A court may amend or alter a judgment under Rule 59(e) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Importantly, however, a Rule 59(e) motion for reconsideration may not be used to 'reargue the facts and law originally argued in the parties' briefs.'" Projects Mgmt. Co. v. DynCorp Int'l, L.L.C., 17 F. Supp. 3d 539, 541 (E.D. Va. 2014) (quoting United States v. Smithfield Foods, 969 F. Supp. 975, 977 (E.D. Va. 1997)). This standard is narrowly construed, as a Rule 59(e) motion is "'an extraordinary remedy which should be used sparingly.'" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1993) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)); see Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be

the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.").

Petitioner claims that the court has erred by holding that his petition is time-barred. He asserts that he is entitled to equitable tolling of the statute of limitations because of "the magnitude of trial defense counselor's misleading legal advice, incorrect legal advice, fraudulent promises and Petitioner's diligence." Decl. in Supp. of Pet'r's Mot. for New Trial and to Amend Findings of Fact 3, ECF No. 31.

Petitioner is merely presenting issues that the court already ruled upon, either expressly or by reasonable implication, when the court denied petitioner's habeas application and declined to issue a certificate of appealability. He has failed to show an intervening change in controlling law, new evidence not available at trial, a clear error of law, or manifest injustice. However, even though Petitioner's motion does not satisfy the requirements of Rule 59(e), the court will briefly discuss his arguments.

Regarding equitable tolling, Petitioner offers Merriam Webster's definition of diligence and then states that he was diligent in filing his state petitions and appeals, and that "[d]iligence is an act and ignorance would be failure to act. The petition has been diligent." Id. at 8. Petitioner fails to cite any new evidence or any caselaw that supports his proposition that he was diligent regarding his federal habeas filing. Meanwhile, the Supreme Court of the United States has only recognized "due diligence" in certain circumstances, such as when a claimant filed a defective pleading during the statutory period, where the claimant has actively pursued filing the proper forms despite being abandoned by counsel, and where the complainant has been induced or tricked by his adversary's misconduct into

2

allowed the filing deadline to pass. See, e.g., Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (citing Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984)); Holland v. Florida, 560 U.S. 631, 653 (2010). Further, "equitable tolling is not warranted for 'a garden variety claim of excusable neglect.'" Holland, 560 U.S. at 633 (quoting Irwin, 498 U.S. at 96). Thus, Petitioner has not shown that he was diligent in his federal filing.

Petitioner also states that "the hardships of the limitations of prison" were the extraordinary circumstance that prevented his timely filing. However, Formica has not alleged nor demonstrated anything beyond ordinary prison limitations. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on [petitioner's] access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule.").

Therefore, Petitioner has not properly demonstrated that he exercised due diligence and that extraordinary external circumstances prevented the timely filing of his federal habeas petition. As the court previously held, Petitioner's imprisoned status and his lack of knowledge about legal process do not support granting such extraordinary relief. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Further, a certificate of appealability is required to appeal the denial of a motion to alter or amend a judgment in a habeas case. The court denies the petitioner a certificate of appealability, because jurists of reason would not find the court's resolution of petitioner's motion for reconsideration to be debatable.

3

Accordingly, the court **DENIES** the motion alter or amend the judgment, ECF No. 15. The court further **DENIES** a certificate of appealability.

ENTER: This 10th day of July, 2017.

/s/ Michael F. Urbanski
Chief United States District Judge